1  KENDALL BRILL & KELLY LLP
   Jeffrey H. Rutherford (181695)
2    *jrutherford@kbkfirm.com*
   10100 Santa Monica Blvd., Suite 1725
3  Los Angeles, California 90067
   Telephone: 310.556.2700
4  Facsimile:  310.556.2705

5  Attorneys for
   Defendant Thomas H. Peters

6

7

8                **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10                    **WESTERN DIVISION**

11

12  UNITED STATES OF AMERICA,          Case No. CR 22-09-SB

13                Plaintiff,           **DEFENDANT THOMAS H.
                                        PETERS' SENTENCING REPLY**
14                                     **MEMORANDUM**
          v.
15                                     **REDACTED VERSION**

16  THOMAS H. PETERS,                  **PUBLICLY FILED**

17                Defendant

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1      Defendant Thomas H. Peters, by and through his counsel of record, hereby

2   submits the attached Sentencing Reply Memorandum.

3

4   DATED:  May 2, 2023                    KENDALL BRILL & KELLY LLP

5

6

7                                    By:        /s/ Jeffrey H. Rutherford

8                                          Jeffrey H. Rutherford
                                           Attorneys for Thomas H. Peters
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................. 1

II.   MR. PETERS' SENTENCE ................................................................ 2

    A.   Government's Motion for Downward Departure for Substantial
        Assistance.................................................................................... 2

        1.   Federal Criminal Investigation. .................................... 3

        █   ██████████████████.............................. 3

    B.   The Parties' Requests for Downward *Booker* Variances. ............ 5

    C.   Determining Mr. Peters' Sentence ............................................. 6

        1.   Mr. Peters' History and Characteristics......................... 6

        2.   Specific and General Deterrence. .................................. 6

        3.   Need to Reflect Seriousness of Offense, to Promote
            Respect for the Law, and to Provide Just Punishment ................ 8

        4.   Further Reasons for Probation with Home Confinement
            and Substantial Community Service.............................. 8

        5.   Unwarranted Sentencing Disparities. ......................... 10

        6.   Fine. ............................................................................ 10

III.  CONCLUSION ................................................................................ 10

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*United States v. Alahmedalabdaloklah*,
   2018 WL 5807091 (D. Ariz. Nov. 6, 2018) ..................................................... 10

*United States v. Davis*,
   20 F.4th 1217 (8th Cir. 2021) ...................................................................... 6

*Gall v. United States*,
   552 U.S. 38 (2007) ...................................................................................... 6

*United States v. Martin*,
   455 F.3d 1227 (11th Cir. 2006) ................................................................... 7

*United States v. Udo*,
   963 F.2d 1318 (9th Cir. 1992) ..................................................................... 2

**Statutes**

18 U.S.C. § 3553 ............................................................................................ 2, 10

**Rules**

Fed. R. Crim. P. 35 .......................................................................................... 4

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANT THOMAS H. PETERS' SENTENCING REPLY MEMORANDUM

I. **INTRODUCTION**

Defendant Thomas H. Peters committed a serious crime when he aided and abetted an extortion.  He accepts full responsibility for his conduct.  This is reflected in Mr. Peters' decision to plead guilty, and to do so to a detailed factual basis; in his decision to cooperate and provide substantial assistance to the government and ███ ████████ (as confirmed by the government's sentencing memorandum and ████ █████████████████); and in his letter to the Court and his letters of support from friends, family and former colleagues.

Mr. Peters makes no excuse for his criminal acts, and the misconduct of others does not diminish the seriousness of his crime.  In Mr. Peters' own words:

> I am a case study in the consequences of weakness and bad judgement.  I had misplaced loyalties and misordered priorities.
> …
> I wish I had been a stronger man, but I acted out of weakness.  I wish I could go back in time and make different, more courageous decisions.  Frustratingly, I cannot.  But I accept full responsibility for my actions, and I am attempting to do what I can in hopes I might mitigate, if not right, the wrongs.
> …
> The hubris and lack of courage I exhibited is so unlike any other failing in my life.

*See* Peters' Sent. Mem. at Ex. A.

But his crime is only part of what must be considered.[1]  Over the last three and a half years, Mr. Peters has worked hard to redeem himself.  As the government acknowledges, to Mr. Peters' "great credit," his "story continued, and it eventually became one of accountability, remorse, and fulsome cooperation," and "he did not

---

[1] The instant Reply and previously filed Sentencing Memorandum constitute the legal arguments of undersigned counsel.  These arguments of counsel, including arguments as to the calculation of the Guidelines or a downward departure or downward *Booker* variance, are not a reflection of Mr. Peters' fulsome acceptance of responsibility and remorse for his criminal conduct.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

look back" once he made the decision to accept responsibility.  *See* Gov't Sent. Mem. at 2, 12.

Considering all the factors set forth in 18 U.S.C. § 3553(a), and in light of Mr. Peters' cooperation with both the government and the ███████████, the defense submits that the government's recommended sentence of 18 months in custody is unduly harsh and does not meet the requirement that a sentence be "sufficient, but not greater than necessary," to achieve the purposes of sentencing.[2]

## II.   MR. PETERS' SENTENCE

### A.   Government's Motion for Downward Departure for Substantial Assistance.

The government has moved for a 3-level downward departure, pursuant to §5K1.1, based on Mr. Peters' substantial assistance in the federal criminal investigation.  The defense requests that the Court grant that motion and further requests that, in doing so, the Court consider departing more than the 3 levels requested by the government, which is within the Court's power.  *See United States v. Udo*, 963 F.2d 1318, 1319 (9th Cir. 1992) ("district court erred in believing that it did not have the authority to depart below the government's recommendation").

---

[2] The instant Reply Memorandum focuses on the government's motion for a downward departure under §5K1.1, the extent of any downward *Booker* variance, and the reasons why a custodial sentence is inappropriate and unnecessary to meet the goals of sentencing, as set forth in 18 U.S.C. § 3553(a).  The defense addressed the nature and circumstances of the offense, as well as its calculation of the Guidelines, in its Sentencing Memorandum.  The defense submits on its papers as to those areas.  Specifically, the defense is aware of the Court's Standing Order regarding the mandatory nature of a Reply in situations in which the calculation of the Guidelines is in dispute.  The defense submits on its arguments, as set forth in its Sentencing Memorandum, regarding the application of the enhancement for abuse of a position of trust, pursuant to §3B1.3, which is the only aspect of the Guidelines calculation (as opposed a downward departure or downward *Booker* variance from the Guidelines) about which the parties disagree.  *See* Peters' Sent. Mem. at 12-13.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067



### 1. <u>Federal Criminal Investigation.</u>

[redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted]

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

[redacted]

[redacted]

[redacted]

---

[3] The government requests that the Court credit this cooperation as part of a downward *Booker* variance, rather than as part of its motion for a downward departure, pursuant to §5K1.1. The defense submits that this decision does not foreclose consideration of Mr. Peters' cooperation under §5K1.1, or future cooperation, under Fed. R. Crim. P. 35, only that the government made the decision not to credit it under §5K1.1, for purposes of Mr. Peters' upcoming sentencing.

[4] [redacted]

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

3off3Stop.



**B.    The Parties' Requests for Downward *Booker* Variances.**

The government has requested that the Court impose a downward *Booker* variance of 4 levels, based on Mr. Peters' cooperation with ███████████ and other positive efforts in the community since his conviction, as well as mitigation in his personal history and characteristics.

The defense has also requested a downward *Booker* variance, based on a combination of factors, as set forth in its Sentencing Memorandum, but has not attached a certain number of levels that request.  The defense instead has requested that the Court consider the *Booker* variance in combination with other findings regarding the Guidelines and downward departures, including under §5K1.1, to arrive at a sentence of probation with a term of home confinement.

The defense submits that a *Booker* variance larger than 4 levels is appropriate and warranted, based on the factors set forth herein and in its Sentencing Memorandum.

C.      **Determining Mr. Peters' Sentence.**

The government requests that the Court impose a sentence of 18 months in custody.  The defense requests that the Court impose a sentence of probation with a term of home confinement and substantial community service.  *See Gall v. United States*, 552 U.S. 38, 48 (2007) (recognizing those sentenced to probationary periods are "subject to several standard conditions that substantially restrict their liberty"); *United States v. Davis*, 20 F.4th 1217, 1221 (8th Cir. 2021) (citing *Gall* in affirming home confinement where guidelines range called for 46-57 months incarceration). The defense submits that probation, with a term of home confinement, is "sufficient, but not greater than necessary," to meet the purposes of sentencing.

### 1.      **Mr. Peters' History and Characteristics.**

The defense's Sentencing Memorandum, PSR, and letters of support give the Court an important window into Mr. Peters' background.  The government cautions, however, that the Court not impose a sentence that favors Mr. Peters because of his socioeconomic class, education, and employment history.  *See* Gov. Sent. Mem. at 14-15.

It is true that Mr. Peters has enjoyed many privileges and advantages in his life – from his upbringing, education and success in law to the strong support that he enjoys from family and friends. And it is also true that Mr. Peters did not commit his crime or ethical misconduct because he lacked real choices or failed to understand the wrongfulness of his conduct.

But the defense is not asking the Court to treat Mr. Peters more favorably because of the privileges that he has enjoyed, or because of his educational success, or previously unblemished record of practicing law.  The defense is asking the Court to render a just and appropriate sentence given the totality of the circumstances present in Peters' case.

### 2.      **Specific and General Deterrence.**

The defense submits that Mr. Peters is not in need of specific deterrence, and

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

6

DEFENDANT THOMAS H. PETERS' SENTENCING REPLY MEMORANDUM

the only deterrence-related question is whether a custodial sentence is necessary to achieve general deterrence.[5]  The government argues that a "meaningful" term of imprisonment, such as 18 months, is necessary to achieve general deterrence, particularly given that Mr. Peters was a public official, and this is a "closely watched public corruption case."  Gov. Sent. Memo. at 18-19.  The defense disagrees, given the particular circumstances of Mr. Peters' case, including his cooperation and summary loss of his law license.

A term of probation and home confinement would not send the message that the Court is "going easy" on Mr. Peters as part of a two-tiered system of justice. Rather, the message would be that individuals who commit crimes and engage in wrongdoing – but who work to redeem themselves by cooperating against others (in this case, cooperating in both the government's criminal investigation and ███████ ████████████████████████████████████████████████) – will have sentences that reflect that redemption and cooperation.

Had Mr. Peters simply accepted responsibility and pled guilty, the government's argument would have more force.  But, here, Mr. Peters took the important step of cooperating over the last three and a half years.[6]  Probation with home confinement and substantial community service will send a clear message that

---

[5] The United States Probation Office's ("USPO") Recommendation Letter concludes that Mr. Peters "is at low risk for recidivism."  *See* USPO Recommendation Letter at 6.

[6] Indeed, only one of the cases the government cites in support of its deterrence argument involved a defendant who cooperated.  *See* Gov't Sent. Mem. at 18-19 (citing *United States v. Martin*, 455 F.3d 1227 (11th Cir. 2006)).  *Martin* is factually distinguishable on many grounds.  Chief among them is that the defendant financially benefited from the fraud, and the court found that a 7-day imprisonment sentence (departing from the guidelines range of 108-135 month range), fine and forfeiture "suggests that those similarly situated … could *profit* from fraudulent conduct and, even if caught, escape severe consequences by cooperating with the government after the fact."  *Id.* at 1241 (emphasis added).

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

those persons who do more than simply acknowledge their crimes and misconduct, but actively try to remediate the damage that they caused will be given a fair, just sentence, taking into account the value of their cooperation.

In addition, the defense submits that the collateral consequence of the summary loss of Mr. Peters' law license, which is a direct result of his having accepted responsibility and pleading guilty to aiding and abetting an extortion, will deter future wrongdoing by others. The fact of Mr. Peters' imminent summary disbarment alone sends a strong message to the community that there are real and immediate consequences for those lawyers who engage in criminal conduct.

### 3. Need to Reflect Seriousness of Offense, to Promote Respect for the Law, and to Provide Just Punishment.

The government submits that a custodial sentence is necessary to reflect the serious nature of Mr. Peters' crime, punish his conduct, promote respect for the law, and restore public faith in the system.

The defense submits that each of these goals is achieved by a sentence of probation with home confinement and substantial community service, given the circumstances of Mr. Peters' case, most importantly that he cooperated with the government and ██████████████ – a key differentiator from a typical federal criminal case – even in light of the fact, as the government emphasizes, that Mr. Peters engaged in serious criminal conduct, motivated by his own self-interest, preservation, and professional ambition.

### 4. Further Reasons for Probation with Home Confinement and Substantial Community Service.

In addition to the factors set forth herein and in the defense's Sentencing Memorandum, the defense requests that the Court consider the following factors in support of a sentence of probation with home confinement with substantial community service.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

8
DEFENDANT THOMAS H. PETERS' SENTENCING REPLY MEMORANDUM

1   First, █████████████████████████████████

2   █████████████████████████████████████████████████

3   ███████████████████████████████████████████████████

4   ████████████████████████████████████████████

5   ███████████████████████████████████████████████████

6   ███████████████████████████████████████████████

7   ██████████████████████████████████████████

8   ██████████████████████████████████████████████████

9   █████████████████████████████████████████████

10  Second, ████████████████████████████████████████

11  ████████████████████████████████████████████████████

12  ██████████████████████████.[7]

13  Third, it would permit Mr. Peters to continue his significant weekly

14  community service, particularly with the MEND food bank, which describes Mr.

15  Peters as a "crucial part of the team," and who is "well-respected by volunteers, staff

16  members, and clients." *See* Peters' Sent. Mem., MEND Materials, at Ex. G.

17  Fourth, it will allow Mr. Peters the immediate opportunity to make amends

18  for his wrongful conduct by speaking to law firms, law schools, and bar associations

19  about his "cautionary tale."

20  Lastly, a sentence of probation with a term of home confinement would avoid

21  the negative collateral effects that his absence in prison will have on his family, as

22  set forth in the defense's letters of support.

23

24

25  [7] ████████████████████████████████████████████

26  ████████████████████████████████████████████████

27  ███████████████████████████████████████████████████

28  ███████████████████████████████████████████████████

DEFENDANT THOMAS H. PETERS' SENTENCING REPLY MEMORANDUM

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067



1                **5.**       **Unwarranted Sentencing Disparities.**

2        The defense, in its Sentencing Memorandum, noted that others, including

3 Person A, have not been charged and requested the Court consider that as a

4 sentencing factor, pursuant to 18 U.S.C. § 3553(a)(6).  The defense submits that the

5 Court can consider this factor, but acknowledges it did not find a case on point, but

6 did find adverse, non-binding case law.  *See*, *e.g.*, *United States v.*

7 *Alahmedalabdaloklah*, 2018 WL 5807091, at *10 (D. Ariz. Nov. 6, 2018).[8]

8                **6.**       **Fine.**

9        The government recommends a mid-range fine of $35,000.  The defense

10 requests that the Court impose a fine at the low end of whatever Guidelines range

11 the Court reaches, but in no event more than $35,000.

12 **III.**  **CONCLUSION**

13        For the foregoing reasons, as well as the reasons set forth in its Sentencing

14 Memorandum, the defense respectfully requests that the Court decline to impose a

15 custodial sentence, but instead impose a term of probation with a condition that Mr.

16 Peters serve a term of home confinement, along with substantial community service

17 and a low-end fine.

18        Such a sentence is "sufficient, but not greater than necessary," to achieve the

19 purposes of sentencing and is a just and fair outcome.

20

21 DATED:  May 2, 2023             KENDALL BRILL & KELLY LLP

22

23

24                       By: ___/s/ Jeffrey H. Rutherford___

25                           Jeffrey H. Rutherford
                             Attorneys for Thomas H. Peters

26

27           —————————
        [8] The defense also found an adverse, unpublished Ninth Circuit case, that is

28 not citable under Circuit Rule 36-3.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067